UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA
CDCR #J-48500,

                Plaintiff,

vs.

AMALIA L. MEZA,

                Defendant.

Case No.: 3:18-cv-00977-WQH-BGS

**ORDER**

HAYES, Judge:

    Plaintiff Steven Wayne Bonilla, currently incarcerated at San Quentin State Prison, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Bonilla seeks to "void" his Alameda County criminal judgment and death sentence and to be "release[d] . . . from unlawful incarceration and false imprisonment." *Id.* at 3. He claims San Diego Superior Court Judge Amalia L. Meza "maliciously abused the legal process to deny [him] due process[, ]meaningful access to the courts[, and] equal protection, all while acting under color of authority," and "in collusion with the prosecution's civil conspiracy, arbitrarily either refused to file/process/hear, or denied [his] properly submitted motions for habeas corpus relief." (ECF No. 1 at 19).

**I.    Failure to Pay Filing Fee or Request *IFP* Status**

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1  $400. 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay
2  the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a).
3  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169
4  F.3d 1176, 1177 (9th Cir. 1999). However, the amendments to § 1915 in the Prison
5  Litigation Reform Act require every prisoner who is granted leave to proceed *IFP* to pay
6  the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629
7  (2016), regardless of whether his or her action is ultimately dismissed, 28 U.S.C.
8  § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his or her account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Bonilla did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. While the Court would typically grant Bonilla leave to file an *IFP* Motion, Bonilla has abused that privilege and is precluded from doing so by 28 U.S.C. § 1915(g) unless he faced "imminent

danger of serious physical injury" at the time of filing. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Bonilla's litigation history in the Northern District of California, including the dismissal of thirty-four pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983"); *id.* at *3 n.1 ("The Court recently informed Bonilla that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)). Bonilla's Complaint does not allege that he faced imminent danger of serious physical injury at the he filed the Complaint. *See* ECF No. 1.

## II. Initial Screening per 28 U.S.C. § 1915A(b)

Even if Bonilla paid the full filing fee or were eligible to proceed *IFP*, 28 U.S.C. § 1915A requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). As noted above, Bonilla seeks to vacate his criminal conviction and sentence and to sue Meza pursuant to 42 U.S.C. § 1983 for dismissing an unidentified habeas petition. He may do neither.

First, to the extent that Bonilla seeks to challenge to the validity of his conviction and sentence, a habeas corpus action is his sole federal remedy—a lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) (stating that release from penal custody is not an available remedy under the Civil Rights Act); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence . . . ."), *cert. denied*, 137 S. Ct. 645 (U.S. Jan. 9, 2017) (No. 16-6556).

Second, to the extent that Bonilla claims Meza is "liable for the damages and atrocities committed by the prosecution's civil conspiracy" to convict and sentence him, (ECF No. 1 at 20), his Complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because Meza is absolutely immune. *See Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that 28 U.S.C. § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915A(b)(2) ("On review [of a civil action filed by a prisoner seeking redress from a governmental entity or officer] the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if [it] seeks monetary relief from a defendant who is immune.").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227–229 (1988). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 based on acts committed within the scope of judicial duties, "even when such acts are in excess of [the defendant's] jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "[A] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 356–37; *see also Forrester*, 484 U.S. at 227 (A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive.").

Bonilla contends that Meza was "biased" against him, "acted with malice," and "ignored the law and [Bonilla's] rights," by refusing to vacate his judgment of conviction and "discharge" him from custody. (ECF No. 1 at 3, 6–10). Despite Bonilla's protestations that Meza "ruled without authority," *id.* at 3, habeas corpus petitions are clearly matters over which superior court judges have subject matter jurisdiction, *In re Carpenter*, 9 Cal. 4th 634, 645 (1995) ("Section 10 of article VI of the California Constitution . . . provides in pertinent part: 'The Supreme Court, courts of appeal, superior courts, and their judges

have original jurisdiction in habeas corpus proceedings.'"). Therefore, Bonilla's claims for money damages against Meza must be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b)(2) based on her absolute immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts); *see Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)).

When absolute immunity applies, claims for damages are frivolous. *See Baker v. King Cnty. Prosecutor's Office*, 981 F.2d 1257 (9th Cir. 1992) (unpublished); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (finding claims for damages against federal judge entitled to absolutely immunity patently frivolous). Therefore, leave to amend this action is denied. *See Lopez v. Smith,* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

### III. Conclusion and Order

For the reasons explained, the Court:

(1) DISMISSES this civil action based on Bonilla's failure to pay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a);

(2) DISMISSES Bonilla's Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2);

(3) CERTIFIES that an *IFP* appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk of the Court to close the file.

Dated: July 20, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court